UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

---

PLANVIEW TECHNOLOGIES, INC.,
F/K/A TASKTOP TECHNOLOGIES,
INCORPORATED,

                            Plaintiff,

           -against-

TEACHERS INSURANCE AND ANNUITY
ASSOCIATION OF AMERICA,

                            Defendant.

---

TEACHERS INSURANCE AND ANNUITY
ASSOCIATION OF AMERICA,

                            Counterclaim
                            Plaintiffs,

           -against-

PLANVIEW TECHNOLOGIES, INC.,
F/K/A TASKTOP TECHNOLOGIES,
INCORPORATED,

                            Counterclaim
                            Defendants.

Case No. 1:26-cv-02395 (GBD)

**PLAINTIFF'S REPLY TO
DEFENDANT'S
<u>COUNTERCLAIMS</u>**

Plaintiff and counterclaim defendant Planview Technologies, Inc. f/k/a
Tasktop Technologies Incorporated (referred to herein as "Tasktop"), by and
through its attorneys, Mintz & Gold LLP, as and for their Reply to Defendant
Teachers Insurance and Annuity Association of America ("Defendant" or
"TIAA")'s Answer and Counterclaims ("Answer and Counterclaims") state as
follows:

**PARTIES, JURISDICTION AND VENUE**

1.      Tasktop admits the allegations contained in Counterclaim ¶ 1.

2.      Tasktop admits the allegations contained in Counterclaim ¶ 2.

3.      Tasktop admits the allegations contained in Counterclaim ¶ 3.

4.      Tasktop admits the allegations contained in Counterclaim ¶ 4.

5.      Tasktop admits the allegations contained in Counterclaim ¶ 5.

**FACTS**

6.      Counterclaim ¶ 6 refers to a document that speaks for itself. Counterclaim ¶ 6 further contains legal conclusions, requiring no response. Tasktop denies any remaining allegations contained in Counterclaim ¶ 6, except admits that Emily Kelsey was a Regional Sales Manager at Tasktop in contact with TIAA.

7.      Counterclaim ¶ 7 refers to documents that speak for themselves. Counterclaim ¶ 7 further contains legal conclusions, requiring no response. Tasktop denies any remaining allegations contained in Counterclaim ¶ 7. Tasktop denies that it made any representation inconsistent with the Agreement, and denies that TIAA reasonably relied on any alleged extra-contractual statements.

8.      Counterclaim ¶ 8 refers to documents that speak for themselves. Tasktop denies knowledge or information sufficient to form a belief about the truth of any remaining allegations contained in Counterclaim ¶ 8. Tasktop denies that it made any representation inconsistent with the Agreement, and denies that TIAA reasonably relied on any alleged extra-contractual statements.

2

9.      Counterclaim ¶ 9 refers to documents that speak for themselves. Tasktop denies any remaining allegations contained in Counterclaim ¶ 9.

10.      Counterclaim ¶ 10 refers to documents that speak for themselves. Tasktop denies any remaining allegations contained in Counterclaim ¶ 10. Tasktop denies that it made any representation inconsistent with the Agreement, and denies that TIAA reasonably relied on any alleged extra-contractual statements.

11.      Counterclaim ¶ 11 refers to a document that speaks for itself. Tasktop denies any remaining allegations contained in Counterclaim ¶ 11. Tasktop denies that it made any representation inconsistent with the Agreement, and denies that TIAA reasonably relied on any alleged extra-contractual statements.

12.      Counterclaim ¶ 12 refers to a document that speaks for itself. Tasktop denies any remaining allegations contained in Counterclaim ¶ 12. Tasktop denies that it made any representation inconsistent with the Agreement, and denies that TIAA reasonably relied on any alleged extra-contractual statements.

13.      Counterclaim ¶ 13 refers to a document that speaks for itself. Tasktop denies any remaining allegations contained in Counterclaim ¶ 13.

14.      Tasktop denies knowledge or information sufficient to form a belief about the truth of the allegations contained in Counterclaim ¶ 14. Tasktop denies that it made any representation inconsistent with the Agreement, and denies that TIAA reasonably relied on any alleged extra-contractual statements.

15. Counterclaim ¶ 15 refers to a document that speaks for itself. Tasktop denies knowledge or information sufficient to form a belief as to any remaining allegations contained in Counterclaim ¶ 15. Tasktop denies that it made any representation inconsistent with the Agreement, and denies that TIAA reasonably relied on any alleged extra-contractual statements.

16. Counterclaim ¶ 16 refers to documents that speak for themselves. Tasktop denies any remaining allegations contained in Counterclaim ¶ 16.

17. Counterclaim ¶ 17 refers to documents that speak for themselves. Tasktop denies any remaining allegations contained in Counterclaim ¶ 17.

18. Counterclaim ¶ 18 refers to documents that speak for themselves. Tasktop denies any remaining allegations contained in Counterclaim ¶ 18.

19. Counterclaim ¶ 19 refers to documents that speak for themselves. Tasktop denies any remaining allegations contained in Counterclaim ¶ 19.

20. Tasktop denies knowledge or information sufficient to form a belief as to the allegations contained in Counterclaim ¶ 20.

21. Tasktop denies the allegations contained in Counterclaim ¶ 21, except admits that Tasktop was acquired by Planview Technologies, Inc., in June 2022.

22. Counterclaim ¶ 22 refers to a document that speaks for itself. Tasktop denies knowledge or information sufficient to form a belief as to the remaining allegations contained in Counterclaim ¶ 22, except admits that TIAA

4

provided notice that it would not be renewing its subscription to Tasktop's Viz

Platform on November 27, 2023.

23.    Counterclaim ¶ 23 refers to documents that speak for themselves. Tasktop denies any remaining allegations contained in Counterclaim ¶ 23.

24.    Counterclaim ¶ 24 refers to a document that speaks for itself. Tasktop denies any remaining allegations contained in Counterclaim ¶ 24.

25.    Counterclaim ¶ 25 refers to a document that speaks for itself. Counterclaim ¶ 25 further contains legal conclusions requiring no response. Tasktop denies any remaining allegations contained in Counterclaim ¶ 25.

26.    Counterclaim ¶ 26 refers to a document that speaks for itself. Counterclaim ¶ 26 further contains legal conclusions requiring no response. Tasktop denies any remaining allegations contained in Counterclaim ¶ 26.

27.    Counterclaim ¶ 27 refers to documents that speak for themselves. Counterclaim ¶ 27 further contains legal conclusions requiring no response. Tasktop denies any remaining allegations contained in Counterclaim ¶ 27.

28.    Counterclaim ¶ 28 refers to documents that speak for themselves. Tasktop denies any remaining allegations contained in Counterclaim ¶ 28.

29.    Counterclaim ¶ 29 refers to documents that speak for themselves. Tasktop denies any remaining allegations contained in Counterclaim ¶ 29.

30.    Counterclaim ¶ 30 refers to a document that speaks for itself. Tasktop denies any remaining allegations contained in Counterclaim ¶ 30.

31.    Counterclaim ¶ 31 refers to a document that speaks for itself. Tasktop denies any remaining allegations contained in Counterclaim ¶ 31.

32.    Counterclaim ¶ 32 refers to documents that speak for themselves. Tasktop denies any remaining allegations contained in Counterclaim ¶ 32, except admits that Tasktop issued an invoice to TIAA on January 18, 2024.

33.    Tasktop denies knowledge or information sufficient to form a belief as to the allegations contained in Counterclaim ¶ 33.

34.    Counterclaim ¶ 34 refers to documents that speak for themselves. Tasktop denies any remaining allegations contained in Counterclaim ¶ 34.

**DEFENDANT'S FIRST CAUSE OF ACTION**
**(ALLEGED BREACH OF CONTRACT)**

35.    Tasktop repeats and realleges its responses to Counterclaim ¶¶ 1-34.

36.    Counterclaim ¶ 36 refers to a document that speaks for itself. Tasktop denies any remaining allegations contained in Counterclaim ¶ 36, except admits that the parties entered into the Master Customer Agreement and associated order forms (collectively, the "Agreement").

37.    Counterclaim ¶ 37 refers to a document that speaks for itself. Tasktop denies any remaining allegations contained in Counterclaim ¶ 37, except admits that an order form was executed on February 24, 2021.

38.     Counterclaim ¶ 38 contains a legal conclusion, requiring no response.

6

39.     Counterclaim ¶ 39 refers to a document that speaks for itself. Counterclaim ¶ 39 further contains legal conclusions requiring no response. Tasktop denies any remaining allegations contained in Counterclaim ¶ 39.

40.     Counterclaim ¶ 40 refers to a document that speaks for itself. Counterclaim ¶ 40 further contains legal conclusions requiring no response. Tasktop denies any remaining allegations contained in Counterclaim ¶ 40.

41.     Counterclaim ¶ 41 refers to a document that speaks for itself. Counterclaim ¶ 41 further contains legal conclusions requiring no response. Tasktop denies any remaining allegations contained in Counterclaim ¶ 41.

42.      Counterclaim ¶ 42 refers to a document that speaks for itself. Tasktop denies the allegations contained in Counterclaim ¶ 42.

43.     Counterclaim ¶ 43 refers to a document that speaks for itself. Counterclaim ¶ 43 further contains legal conclusions requiring no response. Tasktop denies any remaining allegations contained in Counterclaim ¶ 43.

44.     Counterclaim ¶ 44 refers to a document that speaks for itself. Counterclaim ¶ 44 further contains legal conclusions requiring no response. Tasktop denies any remaining allegations contained in Counterclaim ¶ 44.

45.     Counterclaim ¶ 45 refers to a document that speaks for itself. Counterclaim ¶ 45 further contains legal conclusions requiring no response. Tasktop denies any remaining allegations contained in Counterclaim ¶ 45.

46.    Counterclaim ¶ 46 refers to a document that speaks for itself. Counterclaim ¶ 46 contains legal conclusions requiring no response. Tasktop denies any remaining allegations contained in Counterclaim ¶ 46.

47.    Tasktop denies the allegations contained in Counterclaim ¶ 47.

## DEFENDANT'S SECOND CAUSE OF ACTION
### (ALLEGED BREACH OF THE IMPLIED COVENANT OF GOOD FAITH AND FAIR DEALING)

48.    Tasktop repeats and realleges its responses to Counterclaim ¶¶ 1-47.

49.    Counterclaim ¶ 49 contains legal conclusions requiring no response. Tasktop denies any remaining allegations contained in Counterclaim ¶ 49.

50.    Counterclaim ¶ 50 refers to a document that speaks for itself. Counterclaim ¶ 50 contains legal conclusions requiring no response. Tasktop denies any remaining allegations contained in Counterclaim ¶ 50.

51.    Tasktop denies the allegations contained in Counterclaim ¶ 51.

52.    Counterclaim ¶ 52 refers to a document that speaks for itself. Counterclaim ¶ 52 contains legal conclusions requiring no response. Tasktop denies any remaining allegations contained in Counterclaim ¶ 52.

53.    Tasktop denies the allegations contained in Counterclaim ¶ 53.

## GENERAL DEFENSE

Tasktop specifically denies that Defendant is entitled to the relief requested or to any relief as to any of the claims set forth in the Answer and Counterclaims.

8

## AFFIRMATIVE DEFENSES

### FIRST AFFIRMATIVE DEFENSE

Defendant's counterclaims fail to state a claim upon which relief can be granted.

### SECOND AFFIRMATIVE DEFENSE

The doctrines of laches, waiver, and estoppel bar Defendant's claims due to Defendant's Conduct.

### THIRD AFFIRMATIVE DEFENSE

Because Defendant materially breached the Agreement, it is entitled to no relief.

### FOURTH AFFIRMATIVE DEFENSE

Defendant has not acted in good faith in its dealings with Tasktop, barring its claims.

### FIFTH AFFIRMATIVE DEFENSE

To the extent that Defendant is damaged, Defendant's damages arise solely from its own failure to comply with the parties' agreement.

### SIXTH AFFIRMATIVE DEFENSE

Defendant has failed to mitigate its alleged damages.

### SEVENTH AFFIRMATIVE DEFENSE

To the extent Defendant recovers any damages because of its counterclaims, Tasktop is entitled to an offset for damages Tasktop incurred as a result of Defendant's conduct.

## EIGHTH AFFIRMATIVE DEFENSE

The counterclaims are barred to the extent they rely on alleged prior or contemporaneous oral or written statements that are superseded by the fully integrated Agreement.

## NINTH AFFIRMATIVE DEFENSE

Tasktop reserves the right to assert additional defenses as discovery proceeds.

## PRAYER FOR RELIEF

**WHEREFORE,** having fully answered the Answer and Counterclaims, Tasktop respectfully requests that the court

    (a)    Dismiss the counterclaims contained in the Answer and Counterclaims in their entirety with prejudice;

    (b)    Award Tasktop its costs and attorneys' fees incurred in defending against the counterclaims; and

    (c)    Grant such other and further relief as the Court deems just and proper.

Dated:     New York, New York
           June 12, 2026

                      MINTZ & GOLD LLP

                      *By:/s/ Steven G. Mintz*
                      Steven G. Mintz
                      Scott A. Klein
                      Kevin M. Brown
                      600 Third Avenue, 25th Floor
                      New York, New York 10016
                      Tel: (212) 696-4848
                      Fax: (212) 696-1231
                      mintz@mintzandgold.com
                      klein@mintzandgold.com

                      Karen C. Burgess

10

State Bar No. 00796276
Email: kburgess@burgesslawpc.com
Katie Dolan-Galaviz
State Bar No. 24069620

Email: kgalaviz@burgesslaw.pc
Burgess Law PC
404 West 13th Street
Austin, Texas 78701-1825
Telephone: (512) 482-8809
Facsimile: (512) 900-6325

*Attorneys for Plaintiff Planview Technologies, Inc., f/k/a Tasktop Technologies, Incorporated*

11