UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

PLANVIEW TECHNOLOGIES, INC., F/K/A TASKTOP TECHNOLOGIES, INCORPORATED,

Plaintiff,

-against-

TEACHERS INSURANCE AND ANNUITY ASSOCIATION OF AMERICA,

Defendant.

Case No. 1:26-cv-02395 (GBD)

**CONFIDENTIALITY STIPULATION AND PROPOSED PROTECTIVE ORDER**

WHEREAS, the parties having agreed to the following terms of confidentiality, and the Court having found that good cause exists for the issuance of an appropriately tailored confidentiality order pursuant to Rule 26(c) of the Federal Rules of Civil Procedure, it is hereby

ORDERED that the following restrictions and procedures shall apply only to the information and documents exchanged by the parties in connection with the pre-trial phase of this action, and shall not apply to the trial of this action:

1. Counsel for any party may designate a document or information, in whole or in part, as confidential only if counsel determines in good faith that the material contains proprietary information, trade secrets, competitively sensitive information, personal information, or other non-public information entitled to protection under Federal Rule of Civil Procedure 26(c). The designating party shall not designate information that is publicly available, was lawfully known to the receiving party without a duty of confidentiality, or was independently obtained from a person not bound by a duty of confidentiality. Documents designated as confidential shall be marked "CONFIDENTIAL."

2. Deposition testimony and exhibits may be designated as "CONFIDENTIAL" within thirty days after receipt of the final transcript by written notice identifying the specific pages and lines of testimony, and any exhibits. Until the expiration of that thirty-day period, the entire transcript and all deposition exhibits shall be treated as "CONFIDENTIAL" under this Order. After the expiration of that period, only the testimony and exhibits timely designated as "CONFIDENTIAL" shall remain subject to such treatment.

3. Confidential Information shall be used solely for the prosecution, defense, settlement, or appeal of this action and for no business, competitive, personal, or other purpose.

Case 1:26-cv-02395-GBD Document 27 Filed 09/23/26 Page 2 of 5

4. No receiving person may upload, submit, transfer, disclose, or expose Confidential Information to any publicly available generative artificial intelligence platform. For purposes of this paragraph, a "publicly available generative artificial intelligence platform" includes any system that may use submitted information to train, refine, improve, or develop models available to persons other than those working on this Action. Nothing in this paragraph prohibits the use of artificial intelligence or machine-learning tools operated in a secure environment and subject to confidentiality obligations no less protective than those contained in this Order.

5. Any producing party who requests additional limits on disclosure (such as "Attorneys' Eyes Only" in extraordinary circumstances) may at any time during the pre-trial phase of this action serve upon counsel for the receiving party a written notice stating with particularity the grounds for the request. If the parties cannot reach agreement promptly, counsel for the parties will address their dispute to the Court following the procedures set forth in Local Rule 37.2.

6. A party challenging a confidentiality designation shall identify the challenged material and the basis for the challenge. Counsel shall meet and confer in good faith. If the dispute is not resolved, the designating party shall move for a protective order within fourteen days after the meet and confer; otherwise, the challenged designation shall be withdrawn. The designating party bears the burden of establishing that the challenged material is entitled to protection. The material shall remain protected until the Court resolves a timely motion. Nothing in this Order constitutes an admission that designated material is relevant or admissible, and each party reserves all objections to its use or admissibility.

7. Documents designated as "CONFIDENTIAL" shall not be disclosed to any person, except:

a. The parties and their officers, directors, and employees to whom disclosure is reasonably necessary for this action;

b. Outside counsel and in-house counsel of record, and their employees and vendors whose assistance is reasonably necessary for this action;

c. Consultants, experts, witnesses, and prospective witnesses to whom disclosure is reasonably necessary for this action, provided that any person who is not a current employee of a party first executes Exhibit A;

d. The Court and its personnel, court reporters and videographers, mediators, and any other person appointed by the Court in this action.

8. Before disclosing Confidential Information to a person required by paragraph 4(c) to execute Exhibit A, counsel shall:

a. Inform the person of the confidential nature of the information or documents;

b. Inform the person that this Court has enjoined the use of the information or documents by him/her for any purpose other than this litigation and has enjoined the disclosure of the information or documents to any other person; and

c. Require each such person to sign an agreement to be bound by this Order in the form attached as Exhibit A.

9. An inadvertent failure to designate material as "CONFIDENTIAL" does not waive a claim of confidentiality if the producing party promptly notifies the receiving party in writing and provides a properly designated replacement. Upon notice, the receiving party shall promptly make reasonable efforts to retrieve and destroy or relabel all unmarked copies and shall thereafter treat the material in accordance with this Order. Disclosure made before notice shall not violate this Order if the receiving party complied with the Order as then applicable.

10. Personally Identifying Information ("PII"), including social security numbers, financial account numbers, passwords, and information that may facilitate identity theft, shall be handled securely and disclosed only to persons authorized under this Order whose access is reasonably necessary. The parties shall redact PII from public filings as required by Federal Rule of Civil Procedure 5.2 and applicable law.

11. Pursuant to Federal Rule of Evidence 502(d), the production of privileged or work-product-protected documents, electronically stored information ("ESI"), or other information, whether inadvertent or otherwise, shall not constitute a waiver in this action or in any other federal or state proceeding. Upon written notice identifying the basis for a claim of privilege or protection, the receiving party shall promptly sequester, return, or destroy the specified material and any copies, shall not use or disclose it until the claim is resolved, and shall take reasonable steps to retrieve any prior disclosure. The receiving party may promptly present the material to the Court under seal for resolution without asserting that production itself effected a waiver. The producing party shall preserve the material until the claim is resolved. This paragraph shall be interpreted to provide the maximum protection permitted by Rule 502(d) and does not limit a party's right to review material, including metadata, before production.

12. Notwithstanding the designation of information as "CONFIDENTIAL" in discovery, there is no presumption that such information shall be filed with the Court under seal. The parties shall follow the Court's procedures for requests for filing under seal.

13. Within thirty days after final disposition of this action, including exhaustion of all appeals, each receiving party shall return or destroy Confidential Information at the producing party's election and, upon written request, certify completion. Counsel may retain one archival copy of pleadings, motion papers, transcripts, exhibits, attorney work product, correspondence, and materials required by law or professional obligations, and need not delete information maintained on disaster-recovery or archival backup systems that is not reasonably accessible in the ordinary course. Any retained Confidential Information remains subject to this Order.

14. If a receiving party is served with a subpoena, court order, or other legal demand requiring disclosure of Confidential Information, it shall, to the extent legally permitted,

Case 1:26-cv-02395-GBD Document 27 Filed 09/23/26 Page 4 of 5

promptly notify the designating party in writing and provide a copy of the demand. The receiving party shall not produce the material before the time for seeking protection has expired and shall reasonably cooperate, at the designating party's expense, with any effort to obtain protection. The designating party bears the burden and expense of seeking relief. Nothing in this paragraph requires noncompliance with a lawful directive or applicable law.

15. This Protective Order shall survive the termination of the litigation.

SO STIPULATED AND AGREED.

Dated: New York, New York
September 23, 2026

MINTZ & GOLD LLP

/s/ Scott A . Klein
Scott A. Klein
Steven Glen Mintz
Kevin Michael Brown
Allison Pridmore
600 Third Avenue, 25th Floor
New York, New York 10016
(212) 696-4848
klein@mintzandgold.com
mintz@mintzandgold.com
brown@mintzandgold.com
pridmore@mintzsandgold.com

*Counsel for Plaintiff*

SEYFARTH SHAW LLP

/s/ Torrey K. Young
Torrey K. Young
620 Eighth Avenue
New York, New York 10018
(212) 218-5500
tkyoung@seyfarth.com

SEYFARTH SHAW LLP
Rebecca Woods*
1075 Peachtree Street, N.E.
Suite 2500
Atlanta, Georgia 30309
(404) 885-1500
rwoods@seyfarth.com
*admitted *Pro Hac Vice*

*Counsel for Defendant*

SO ORDERED. SEP 2 3 2026

George B. Daniels

GEORGE B. DANIELS
United States District Judge

Case 1:26-cv-02395-GBD Document 27 Filed 09/23/26 Page 5 of 5

**EXHIBIT A**

**Agreement**

I have been informed by counsel that certain documents or information to be disclosed to me in connection with the matter entitled ____________________ have been designated as confidential. I have been informed that any such documents or information labeled "CONFIDENTIAL" are confidential by Order of the Court. I hereby agree that I will not disclose any information contained in such documents to any other person. I further agree not to use any such information for any purpose other than this litigation.

DATED: ____________________, 20___

______________________________ ______________________________
Name (printed) Signature

Signed in the presence of:

______________________________
(Attorney)